## Anna O'Hern, Appellee, v. Illinois Central Electric Railway, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 16, 1914. Rehearing denied December 10, 1914.

### Statement of the Case.

Action by Anna O'Hern against the Illinois Central Electric Railway to recover damages for personal injuries received by plaintiff while she was a passenger on one of defendant's cars. From a judgment on a verdict for fifteen hundred dollars in favor of plaintiff, defendant appeals.

CHIPERFIELD & CHIPERFIELD, for appellants.

O. J. BOYER and QUINN, QUINN & McGRATH, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. CARRIERS, § 452*—*when declaration states cause of action.* Where the declaration averred that defendant was the owner and operator of an electric railroad from the city of Canton to the village of Norris in Fulton county, Illinois, on which it operated motor cars for the conveyance of passengers for reward; that plaintiff became a passenger thereon to be carried from Canton to Brereton and that it was the duty of defendant to use the highest degree of care to safely convey her on said car, yet the defendant, not regarding its duty, negligently ran said car against another car of defendant, whereby plaintiff, while in the exercise of due care, was injured, etc., *held* to state a good cause of action for damages for personal injuries.

2. DAMAGES, § 209*—*sufficiency of instruction.* In an action for personal injuries, an instruction authorizing a recovery for such sum or sums of money shown by the evidence that plaintiff had paid out or become liable for as reasonable charges for medical services, if any, rendered necessary by reason of such injuries, and to the effect that the jury should award her such sum as it believed from all the facts and circumstances in evidence would compensate her for all the damages sustained by her as the proximate result of her injuries, and also authorizing the jury to allow her all money she had paid out or become liable for, *held*, though technically erroneous in not limiting the jury on the question of damages, not to have been prejudicial to defendant, since instructions were given for defendant on the question of damages.

3. DAMAGES, § 115*—*when verdict excessive for temporary injuries.* In an action to recover damages for personal injuries received by a school teacher as a passenger on defendant's electric motor car through a collision with another car on defendant's railroad, where it appeared that she did not sustain any scratch or cut of any kind but only a bruise on her knee, which did not prevent her resumption of her occupation within two weeks, and that immediately after the accident she was able to ride in a standing position on a hand car to a boarding-house, and no permanent or serious injury was shown to be the proximate result of the accident, *held* that a verdict for fifteen hundred dollars was so excessive as to require a reduction to seven hundred dollars.

*See Illinois Notes Digest, **Vols. XI to XV, and Cumulative Quarterly, same** topic and section number.